**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert AGUIRRE, Defendant–Appellant.**

No. 90–5583
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 28, 1991.

Vincent D. Callahan, San Antonio, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Michael R. Hardy, Asst. U.S. Attys., Robert F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before RUBIN, POLITZ and DAVIS, Circuit Judges.

PER CURIAM:

Robert Aguirre pleaded guilty to equity skimming in violation of 12 U.S.C. § 1709–2. The district court sentenced him, under the law as it existed prior to the Sentencing Guidelines, to twenty-four months imprisonment, and ordered him to make restitution in the amount of $52,-782.91, plus four percent interest per annum, pursuant to the Victim and Witness Protection Act (VWPA). Aguirre challenges the restitution order on five separate grounds. None of Aguirre's arguments need be considered, however, for the Government confesses error on a fundamental issue that Aguirre does not raise:

the district court lacked the authority in this case to order restitution under the VWPA.

■ We accept the Government's confession of error. The VWPA authorizes the district court to order restitution only when "sentencing a defendant convicted of an offense under this title [Title 18]" or under certain sections of Title 49.[1] It does not authorize the district court to order a defendant convicted and sentenced solely under Title 12 to make restitution, and Title 12 does not itself prescribe restitution as a criminal sanction. There being no other basis in the record for invoking the district court's power under the Act, the order of restitution against Aguirre cannot stand.[2]

■ There remains the question of the appropriate disposition of this case. We have in the past, in a case not dissimilar to this one, simply vacated the order of restitution and allowed the remainder of the defendant's sentence to stand undisturbed.[3] In that case, however, the restitution order was imposed by the district court after the original sentencing proceedings, and played no part in formulating the original sentencing package.[4] In contrast, the district court in this case chose not to fine Aguirre specifically because of "the large amount of restitution" ordered, and "the defendant's inability to pay." To vacate the restitution order and allow the remainder of the sentence to stand might undermine the deterrent and punitive effect that the original, albeit illegal, sentence was intended to achieve. The proper remedy, therefore, is to vacate the entire sentence and remand for resentencing.[5]

The sentence imposed by the district court is therefore VACATED and the case REMANDED for resentencing.

---

1. 18 U.S.C. § 3579 (1988) (renumbered § 3663).

2. *United States v. Joseph,* 914 F.2d 780, 783–84 (6th Cir.1990); *United States v. Abod,* 770 F.2d 1293, 1298 (5th Cir.1985).

3. *Abod,* 770 F.2d at 1298.

4. *Id.*

5. *See United States v. Colunga,* 786 F.2d 655, 658 (5th Cir.1986), *cert. denied,* 484 U.S. 857, 108 S.Ct. 165, 98 L.Ed.2d 120 (1987); *United States v. Bradsby,* 628 F.2d 901, 905 (5th Cir.1980).