# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 25, 2013

No. 12-40478
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS ALONSO SALINAS-GARZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-872-1

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jesus Alonso Salinas-Garza (Salinas) appeals the 77-month sentence he received following his guilty plea conviction for being an alien found illegally in the United States after having been previously deported, in violation of 8 U.S.C. § 1326. For the first time on appeal, Salinas argues that the district court reversibly erred by assessing three criminal history points for each of his two aggravated assault convictions for which the sentences were imposed on the same day when the Presentence Report showed that he was not arrested for the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

first offense after he committed the second. We review this argument for plain error. *See United States v. John*, 597 F.3d 263, 282 (5th Cir. 2010).

As the Government concedes, the district court committed clear or obvious error in counting the prior convictions separately. *See United States v. Espinoza*, 677 F.3d 730, 735-37 (5th Cir. 2012). Had the convictions been correctly scored, Salinas would have been assigned a lower criminal history category and a lower guidelines sentencing range. Nevertheless, he is not entitled to relief.

"In the sentencing context, . . . an appellant can show an impact on substantial rights—and therefore a basis for reversal on plain error review—where the appellant can show a reasonable probability that, but for the district court's error, the appellant would have received a lower sentence." *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010). The district court sentenced Salinas using a guidelines range of 77 to 90 months in prison. Without the incorrectly assessed criminal history points, his correct range would have been 70 to 87 months. These two ranges overlap, and the 77-month sentence imposed is "squarely in the middle of his corrected" sentencing range. *See United States v. Jasso*, 587 F.3d 706, 713 (5th Cir. 2009).

When a disputed sentence falls within both the correct and incorrect guidelines ranges, this court has "shown considerable reluctance in finding a reasonable probability that the district court would have settled on a lower sentence" and "do[es] not assume, in the absence of additional evidence, that the sentence affects a defendant's substantial rights." *United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 623 (2010). Salinas points to no such evidence, and our review of the record reveals none. His raises only the possibility of a different sentence absent the error; he does not show the probability that is required to meet the plain error standard. *See id.; see also Davis*, 602 F.3d at 647.

The judgment of the district court is AFFIRMED.