# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50642
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID JULIUS MCMILLIAN, also known as Cowboy,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:12-CR-343-1

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:*

Following a jury trial, David Julius McMillian was convicted of interstate transportation of stolen property, in violation of 18 U.S.C. § 2314. McMillian was sentenced to six months' imprisonment and three years' supervised release. As a condition of his supervised release, McMillian was ordered, *inter alia*, to pay $18,000 in restitution to Jerry McKay, the owner of the property at issue. McMillian contends: there was insufficient evidence to

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-50642

convict him of a violation of § 2314; and the district court erred in ordering restitution as a condition of his supervised release.

The sufficiency challenge was preserved in district court.  Therefore, in determining whether the evidence was sufficient, the relevant question is "whether the evidence, when reviewed in the light most favorable to the [G]overnment with all reasonable inferences and credibility choices made in support of a conviction, allows a rational fact finder to find every element of the offense beyond a reasonable doubt".  *United States v. Cannon*, 750 F.3d 492, 506 (5th Cir. 2014) (citations omitted).  This standard "leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors draw reasonable inferences from basic facts to ultimate facts".  *Coleman v. Johnson*, 132 S. Ct. 2060, 2064 (2012) (citation and internal quotation marks omitted).  "[W]e accept all credibility choices and reasonable inferences made by the trier of fact which tend to support the verdict" and "will not second guess the jury in its choice of which witnesses to believe".  *United States v. Jefferson*, 751 F.3d 314, 320–21 (5th Cir. 2014) (citations and internal quotation marks omitted).

A conviction for interstate transportation of stolen property requires proof of "(1) the interstate transportation of (2) goods, merchandise, wares, money, or securities valued at $5,000 or more . . . (3) with knowledge that such items have been stolen, converted, or taken by fraud".  *United States v. Onyiego*, 286 F.3d 249, 253 (5th Cir. 2002); *see* 18 U.S.C. § 2314.  As noted by both parties, the only element at issue is whether McMillian took the property (an indirect heater) by fraud.  The jury could have reasonably inferred from the evidence that McMillian entered into the lease-purchase agreement with McKay in order to induce McKay to release possession of the indirect heater to him.  McMillian's failure to make a single payment and his lack of a response

No. 13-50642

to McKay's numerous attempts to discuss and settle the matter support the inference that McMillian possessed the intent to defraud. *See, e.g.*, *United States v. Saks*, 964 F.2d 1514, 1518–19 (5th Cir. 1992) (discussing intent in bank fraud context). Accordingly, the record, viewed in the light most favorable to the verdict, contains sufficient evidence to support McMillian's conviction.

Regarding McMillian's having to pay restitution to McKay as a condition of supervised release pursuant to 18 U.S.C. § 3583(d) (inclusion of supervised release term after imprisonment), "[a] federal court cannot order restitution except when authorized by statute". *United States v. Espinoza*, 677 F.3d 730, 732 (5th Cir. 2012) (citation and internal quotation marks omitted). Because McKay ultimately sold the indirect heater for a profit, there was no "victim" within the meaning of the Victim and Witness Protection Act or the Mandatory Victims Restitution Act. Therefore, as the Government concedes, the court could not order restitution to McKay as a condition of McMillian's supervised release pursuant to § 3583(d). *See United States v. Maturin*, 488 F.3d 657, 660–61 & n.1 (5th Cir. 2007). As the Government states, "the district court's reliance upon the supervised release statute as authority for the imposition of a restitution order . . . was misplaced".

AFFIRMED IN PART; VACATED IN PART; REMANDED FOR RESENTENCING REGARDING SUPERVISED RELEASE.