# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20146

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

 Plaintiff–Appellee,

v.

SERGIO FERNANDO LAGOS,

 Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-554-1

Before PRADO and HIGGINSON, Circuit Judges.*

PER CURIAM:**

Sergio Fernando Lagos challenges the district court's order of restitution imposed following his guilty plea to one count of conspiracy to commit wire fraud and to five counts of wire fraud. *See* 18 U.S.C. §§ 2, 1343, 1349. He contends that the Mandatory Victims Restitution Act ("MVRA") does not authorize restitution for the legal, expert, and consulting fees incurred by the victim-lender, General Electric Capital Corporation ("GECC"), in investigating

---

 * This opinion is being entered by a quorum of this court pursuant to 28 U.S.C. § 46(d).

 ** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the fraud or its legal fees from the bankruptcy proceedings caused by the fraud. Because the restitution ordered in this case is consistent with payments upheld in our past cases, we affirm.

## I.

### A

The legality of a restitution award is reviewed de novo. *United States v. Espinoza*, 677 F.3d 730, 732 (5th Cir. 2012). The MVRA instructs a sentencing court to order restitution for a victim's "actual loss directly and proximately caused by the defendant's offense of conviction." *United States v. Sharma*, 703 F.3d 318, 323 (5th Cir. 2012); 18 U.S.C. § 3663A(a)(2). This includes "lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4).

According to Lagos, the forensic expert fees, legal fees, and consulting fees incurred by GECC should not have been included because they are "consequential damages." His reliance on *United States v. Schinnell*, 80 F.3d 1064, 1070 (5th Cir. 1996), however, is misplaced because the basis for the restitution award in that case was the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663(b)(1), not § 3663A(b)(4) and the MVRA.

In our Circuit, the scope of restitution under subsection 3663A(b)(4) is controlled by *United States v. Phillips*, 477 F.3d 215 (5th Cir. 2007). In upholding an award of restitution to the University of Texas imposed on a computer hacker, this Court in *Phillips* cited § 3663A(b)(4), which authorizes restitution of expenses incurred while participating in the investigation or prosecution of the offense. 477 F.3d at 224. It concluded that the University of Texas "was a victim, and it collaborated with the investigation and incurred costs to notify other victims of [the hacker's] data theft in order to determine

whether they had suffered further damage." *Id.* As the Court explained, while "consequential damages" are not properly recoverable under *Schinnell*, that case did not involve the application of § 3663A(b)(4). *Id.* In distinguishing *Schinnell*, this Court gave a broad reading to § 3663A(b)(4), allowing not only the cost of the investigation but also the cost of contacting those whose information was compromised to be included in the restitution award.[1]

In unpublished decisions following *Phillips*, this Court has upheld restitution awards that encompassed attorneys' fees and other expenses stemming from the investigation and prosecution of the offense. *United States v. Herrera*, 606 F. App'x 748, 752–53 (5th Cir. 2015) (per curiam) (affirming investigative audit costs as part of restitution where investigative audit was a fundamental component of investigation of defendant's theft of federal funds); *United States v. Dwyer*, 275 F. App'x 269, 271–72 (5th Cir. 2008) (affirming in the restitution award costs of margin calls, attorneys' fees, and accounting fees arising from defendant's bank fraud under plain error standard of review).

Lagos admitted that for two years, he and his co-conspirators misled GECC about the value of their accounts receivable to induce GECC to increase the amount of the revolving loan and to provide him and his co-defendants with uncollateralized funds. Their wire fraud scheme caused GECC to employ forensic experts to secure and preserve electronic data as well as lawyers and consultants to investigate the full extent and magnitude of the fraud and to provide legal advice relating to the fraud. Fees incurred by GECC during the investigation of the fraud were necessary and compensable in the restitution award. *See* 18 U.S.C. § 3663A(b)(4).

---

[1] Notably, the opinion in *Phillips* provided a second reason for upholding the award: the hacker violated the Computer Fraud and Abuse Act ("CFAA"), which contains its own definition of "loss" that encompasses the "cost of responding to an offense." 477 F.3d at 224–25. However, the unpublished decisions that have followed *Phillips* did not arise from convictions under the CFAA.

Likewise, the district court correctly included GECC's legal fees incurred in the related bankruptcy proceedings in the restitution award under subsections 3663A(a)(2) and (b)(4). In its victim impact statements, GECC described how the defendants' fraudulent scheme directly caused the defendants' companies (the GECC borrowers) to file for bankruptcy. The bankruptcy court ordered GECC to continue to make advances to the defendants' companies during the bankruptcy proceedings. Thus, the district court correctly determined that the legal fees incurred by GECC during the related bankruptcy proceedings were directly caused by the defendants' fraud for purposes of restitution. *See* 18 U.S.C. § 3663A(a)(2), (b)(4); *Sharma,* 703 F.3d at 323 (authorizing restitution for losses "directly and proximately caused by the defendant's offense[s] of conviction").

We note that the D.C. Circuit takes a narrower view of restitution under subsection 3663A(b)(4). *United States v. Papagno*, 639 F.3d 1093 (D.C. Cir. 2011).[2] Whatever the merits of the contrary reasoning in *Papagno*, this panel is bound by this Court's prior decision in *Phillips* and will follow it here.

## B

In the alternative, Lagos argues that even if the MVRA authorizes restitution for GECC's legal, expert, and consulting fees, the district court improperly relied upon unsigned, unverified victim-impact statements submitted by GECC to calculate the restitution award. But Lagos never challenged the fee amounts alleged in the victim-impact statements on these grounds. The district court was entitled to rely on the unrebutted victim-

---

[2] This restrictive reading, however, is unique among the circuits, several of which have come to the opposite conclusion, although without the benefit of *Papagno*'s reasoning regarding internal investigations. *See United States v. Elson*, 577 F.3d 713, 726–29 (6th Cir. 2009); *United States v. Hosking*, 567 F.3d 329, 331–32 (7th Cir. 2009); *United States v. Stennis-Williams*, 557 F.3d 927, 930 (8th Cir. 2009); *United States v. Amato*, 540 F.3d 153, 159–63 (2d Cir. 2008); *United States v. Gordon*, 393 F.3d 1044, 1056–57 (9th Cir. 2004); *see also United States v. Gupta*, 925 F. Supp. 2d 581, 584 (S.D.N.Y. 2013).

No. 16-20146

impact statements to support the restitution award. *See Sharma*, 703 F.3d at 324 n.21. GECC submitted to the district court an accounting of the names of the law firms and consultants retained and the nature of the work performed in support of its investigative fees and its fees incurred from the bankruptcy proceedings directly caused by Lagos's wire fraud scheme. Lagos's claim that the district court failed to subject the victim-impact statements to the appropriate level of scrutiny is without merit.

## II.

Finally, the Government urges the court to remand this case for the district court to correct a mathematical error in the restitution total. The district court adopted a restitution total of $15,970,517.37, an amount urged by the Government at sentencing, but the restitution amount supported by the itemization in the victim-impact statements is actually $104.62 lower than the amount imposed by the district court. Lagos does not address the issue at all, and, as stated, he never challenged the specific fee amounts listed in the victim-impact statements before the district court. While this court requires that every dollar included in a restitution award be supported by record evidence, *see Sharma*, 703 F.3d at 323, by failing to challenge the fee amounts before the district court or here, Lagos has waived the issue, *see United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010).

\* \* \*

Based on the foregoing, the judgment of the district court is AFFIRMED.

No. 16-20146

STEPHEN A. HIGGINSON, Circuit Judge, concurring:

I join the per curium opinion and write separately only to suggest that we may be interpreting Section 3663A(b)(4) too broadly.

As always, statutory interpretation begins "with the plain language and structure of the statute." *Coserv Ltd. Liab. Corp. v. Sw. Bell Tel. Co.*, 350 F.3d 482, 486 (5th Cir. 2003). I agree with the D.C. Circuit's persuasive interpretation of the statutory terms "participation" and "necessary" in *Papagno*, *see* 639 F.3d at 1098–1101, and specifically, that "participating" in a government investigation does not embrace an internal investigation, "at least one that has not been required or requested by criminal investigators or prosecutors." *Id.* at 1098–99.

I think three additional points support the D.C. Circuit's narrow reading of the statute. First, the *noscitur a sociis* canon of statutory interpretation suggests a narrow reading of the phrase "participation in the investigation . . . of the offense." The *noscitur a sociis* canon provides that "a word is known by the company it keeps[.]" *Yates v. United States*, 135 S.Ct. 1074, 1085 (2015); *see also United States v. Williams*, 553 U.S. 285, 294 (2008). Section 3663A(b)(4) contains a list enumerating the types of conduct allowing for reimbursement. It provides that reimbursement is available for certain expenses "incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663A. The statute therefore allows reimbursement for expenses incurred in the course of three types of conduct: (1) participation in the investigation of the offense, (2) participation in the prosecution of the offense, and (3) attendance at proceedings related to the offense. Both participation in the prosecution of the offense and attendance at proceedings related to the offense must take place within the context of the government's criminal enforcement. The

6

question is whether participation in the investigation of the offense is also limited to the government's criminal enforcement. The *noscitur a sociis* canon suggests to me that it is.

Second, a broad reading of Section 3663A(b)(4) is difficult to administer. Indeed, the courts that read Section 3663A(b)(4) to allow recovery of fees incurred during an internal investigation are divided over what, if anything, limits the reach of "other expenses." For example, the Ninth Circuit allows recovery for "investigation costs—including attorneys' fees—incurred by private parties as a 'direct and foreseeable result' of the defendant's wrongful conduct." *United States v. Gordon*, 393 F.3d 1044, 1057 (9th Cir. 2004). The Second Circuit has questioned this approach, noting that the statute "seems to focus more on the link between these expenses and the victim's participation in the investigation and prosecution than on the offense itself." *Amato*, 540 F.3d at 162.

Even if agreement could be reached on a limiting principle in theory, a broad view of Section 3663A(b)(4) requires district courts to undertake difficult analyses to determine which investigation costs were "necessary" to "the investigation." *See, e.g.*, *United States v. Waknine*, 543 F.3d 546, 559 (9th Cir. 2008) (remanding a case to the district court to consider more thoroughly whether investigation expenses were reasonably necessary). I do not envy district courts faced with this task. To begin, it will often be difficult to determine the scope of "the investigation." For example, imagine that a hospital discovers that its drug inventory is vanishing. Hoping to prevent further losses, the hospital launches a full internal investigation. During the course of the hospital's investigation, it discovers that an employee is stealing drugs. The hospital fires the employee and turns over the evidence it uncovered to the federal prosecutors. The prosecutors had never heard of the

employee before and had not been investigating the theft. Nonetheless, charges are eventually brought and the employee is convicted of possession with intent to distribute narcotics. The hospital seeks restitution for its investigation costs. Did the hospital participate in the investigation even though the federal prosecutors were not investigating at all when the hospital conducted its internal investigation? And the hypotheticals can get more difficult. Imagine that, unbeknownst to the hospital, federal prosecutors were investigating a string of drug sales at the time the hospital's internal investigation began. However, the prosecutors still had no reason to suspect the employee of being the drug supplier, and accordingly, had no reason to subpoena the hospital to aid in the investigation. Nonetheless, when the hospital turns over the results of its internal investigation, the prosecutors realize that they can link the employee's thefts to the string of drug sales. The employee is prosecuted for and convicted of drug sales. Can the hospital recover its investigation costs because it provided key evidence to an ongoing investigation even though it was never asked to do so? One more example. Imagine that the hospital has insurance that covers employee theft. The hospital's legal department drafts and files a claim with its insurance provider to recover the value of the stolen drugs. At the employee's trial, the government introduces the claim form as evidence of the breadth of the drug conspiracy. Can the hospital recover the entire cost of filing the insurance claim?

And even if the district judge can determine the scope of the investigation, he or she still must determine which expenses were "necessary." I recognize that this question is more familiar to district courts, who are often tasked with calculating attorneys' fees. But familiarity does not make the task easier. *See, e.g.*, Court Awarded Attorney Fees: Report of the Third Circuit

Task Force, 108 F.R.D. 237, 262 (1986) ("[D]istrict judges find it difficult, indeed, in most instances, impossible, to police [hours and rates of attorneys] by looking over the shoulders of lawyers to monitor the way they handle their cases. To impose that obligation on the Bench is unrealistic, unduly time-consuming, and typically will amount to little more than an exercise in hindsight."); Hon. John F. Grady, *Reasonable Fees: A Suggested Value-Based Analysis for Judges*, 184 F.R.D. 131, 131 (1999) ("Most federal district judges would agree that the determination of reasonable attorneys' fees is among the most challenging tasks they are called upon to perform."). Moreover, I think that the necessity inquiry is likely to be even more difficult than usual in the context of Section 3663(A)(b)(4). Usually, a district judge evaluating a fee request has overseen the entirety of the litigation subject to the dispute and therefore can decide on their own experience which expenses were reasonable and necessary. Not so under a broad reading of Section 3663(A)(b)(4). Instead, the district court will have only seen the criminal prosecution that ends the Government's investigation. Of course, Congress is free to require, and wise policy may dictate, that courts answer difficult questions. But I am uncomfortable requiring sentencing judges to undertake challenging restitution calculations when, in my view, the statute does not require the inquiry.

Third, and finally, limiting the reach of Section 3663A(b)(4) does not prevent victims from fully recovering their losses. Preliminarily, there are a number of other more explicit and specific criminal restitution provisions that may allow for recovery. For example, Section 3663A(b)(1) allows for victims of property offenses to recover the value of their lost property. Likewise, in the context of identity theft crimes, Congress allows for victims to recover investigation costs unrelated to any government request. *See Papagno*, 639

F.3d at 1099–100; 18 U.S.C. § 3663(b)(6).  And where criminal restitution statutes fall short, victims may bring their own civil actions to recover their losses.