# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40530
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 22, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CAMILO CORTINAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CR-11-3

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Juan Camilo Cortinas appeals the district court's order that he pay $157,525.57 in restitution in connection with his guilty plea convictions for conspiring to knowingly or recklessly transport within the United States an alien who has come to, entered, or remained in the United States in violation of law, *see* 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(I), and for knowingly or recklessly transporting within the United States, for private financial gain, an alien who

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40530

has come to, entered, or remained in the United States in violation of law, *see id.* § 1324(a)(1)(A)(ii), (a)(1)(A)(v)(II), and (a)(1)(B)(i). We agree with both parties that the restitution order lacked a statutory basis and therefore cannot stand. *See United States v. Westbrooks,* 858 F.3d 317, 327 (5th Cir. 2017), *petition for cert. filed* (July 10, 2017) (No. 17-5112).

"A federal court cannot order restitution 'except when authorized by statute.'" *United States v. Love,* 431 F.3d 477, 479 (5th Cir. 2005) (quoting *United States v. Bok,* 156 F.3d 157, 166 (2d Cir. 1998)). "There are two sources of statutory authority" for restitution. *Id.* The first source is 18 U.S.C. § 3556. But that section pertains only to restitution under 18 U.S.C. §§ 3663 and 3663A, neither of which justify the restitution order here. The second source is 18 U.S.C. § 3583, which deals with restitution in connection with a term of supervised release. *See Westbrooks,* 858 F.3d at 327–28; *Love,* 431 F.3d at 479–80. But as both parties again agree, the sentencing transcript and judgment in this make clear that the district court imposed the restitution order as part of Cortinas's sentence, not as part of his supervised release. The restitution order therefore exceeded the district court's statutory authority and "should be corrected on plain error review." *Westbrooks,* 858 F.3d at 327.

We sometimes vacate the entire sentence when an order of restitution is vacated and sometimes vacate only the restitution order, leaving "in place a term of imprisonment that was also included in the sentence." *United States v. Espinoza,* 677 F.3d 730, 734–35 (5th Cir. 2012). In this case, however, Cortinas urges no "other error in the sentencing process," *id.* at 735, and he asks that we vacate and remand only the restitution component of the sentence. We therefore VACATE only the restitution component of the sentence and RE-MAND for further proceedings in order that the district court may consider the

No. 17-40530

limited question whether to impose restitution as a condition of supervised release. *See id.*; *see also Westbrooks,* 858 F.3d at 328; *United States v. Dahlstrom,* 180 F.3d 677, 686 (5th Cir. 1999).