[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11145
Non-Argument Calendar
_____

D.C. Docket No. 7:17-cr-00019-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BURT DENSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(January 24, 2019)

Before WILSON, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Burt Denson pleaded guilty to two counts of possession of cocaine with intent to distribute under 21 U.S.C. § 841(a)(1), (b)(1)(C).  The district court imposed a 185-month sentence.  Denson now appeals, arguing that his sentence is procedurally unreasonable because the court improperly counted his two prior felony convictions separately in determining whether the career offender designation applied under U.S.S.G. § 4B1.1(a).  We disagree and affirm.

We review the procedural reasonableness of a sentence for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 46 (2007).  But we review the sentencing court's interpretation of the Sentencing Guidelines and its application of the Guidelines to the facts de novo.  *United States v. Barrington*, 648 F.3d 1178, 1194–95 (11th Cir. 2011).  And we review the sentencing court's factual findings for clear error.  *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).

The Guidelines provide for an offense level enhancement if a defendant is a career offender.  U.S.S.G. § 4B1.1(a).  In addition, a defendant who is a career offender automatically has a criminal history category of VI.  *Id.*  To be a career offender under the Guidelines: (1) the defendant must have been at least eighteen years old at the commission of the instant offense; (2) the instant offense must be a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant must have at least two prior felony convictions of either a crime of violence or a controlled substance offense.  *Id.*  The instructions for computing

2

criminal history contained in U.S.S.G. § 4A1.2 apply to § 4B1.1.  *See* U.S.S.G. § 4B1.2, cmt. 3.

If the defendant has multiple prior sentences, the sentencing court must determine whether those sentences should be counted separately or treated as a single sentence for purposes of making the career offender determination under § 4B1.1(a).  U.S.S.G. § 4A1.2(a)(2).  "Prior sentences are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)."  *Id.*  If there is no intervening arrest, however, prior sentences count separately "unless . . . the sentences were imposed on the same day."  *Id.*  An intervening arrest is "one that comes in between the commission of the first criminal act and the second."  *United States v. Wright*, 862 F.3d 1265, 1281 (11th Cir. 2017) (holding that an intervening arrest occurred when the defendant committed a second offense after he was arrested for the first offense).

The undisputed record indicates that, on the same day, Denson was sentenced for both of his prior convictions for possession of marijuana with intent to distribute.[1]  As the government acknowledges, without an intervening arrest, the

---

[1] The government also argues that Denson's August 2006 arrest for driving with a suspended license is an intervening arrest.  This Court has not addressed whether the intervening arrest must be for the first offense, or whether any intervening arrest is sufficient to satisfy § 4A1.2's

district court should not have counted the two prior offenses separately. *See* U.S.S.G. § 4A1.2(a)(2). The undisputed record also indicates, however, that the offenses were "separated by an intervening arrest." *Id.* Denson committed, and was arrested for the first marijuana offense in August 2006. Approximately five months later, in January 2007, Denson committed and was arrested for the second marijuana offense. Because Denson was arrested for the first offense over five months before he committed the second offense, the two offenses were separated by an intervening arrest. *See Wright*, 862 F.3d at 1281–82. The district court thus properly counted Denson's prior offenses separately to determine that that Denson was a career offender under U.S.S.G. § 4B1.1(a). The sentence is procedurally reasonable, and accordingly, we affirm.

**AFFIRMED.**

---

intervening arrest rule. *See United States v. Espinoza*, 677 F.3d 730, 736 (5th Cir. 2012) (holding that, under the Guidelines, "offenses are separated by an intervening arrest when 'the defendant is arrested for the first offense prior to committing the second offense'" (quoting U.S.S.G. § 4A1.2(a)(2))). Because we conclude that Denson's arrest for the first marijuana offense is an intervening arrest, we decline to reach that question here.