IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 93-2472
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK CARL HAYES,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
_____

(August 31, 1994)

Before REYNALDO G. GARZA, DeMOSS and PARKER[1], Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Appellant Patrick Carl Hayes ("Hayes") appeals that portion of his sentence requiring him to pay restitution. Having concluded that the district court erred in ordering restitution in this case, we will vacate the order of restitution, and remand the case to the District Court for resentencing.

FACTS

Hayes was charged in a three count indictment with possession of stolen mail; specifically, possession of three credit cards

_____

[1] Judge Parker participated by designation in the oral argument of this case as a United States District Judge for the Eastern District of Texas. Since that time he has been appointed as a Fifth Circuit Judge.

1

which had been stolen from the United States mail in violation of 18 U.S.C. § 1708.  Hayes pleaded guilty to all three counts, was sentenced to six months imprisonment and was ordered to make $3,255.01 in restitution to the credit card companies.  The restitution represents the amounts that were charged to the credit cards between January and March of 1989.  Hayes was charged with and convicted of possession of the cards "on or about" March 31, 1989, the date that Hayes was arrested with the cards in his possession.  The cards had been mailed by the credit card companies, but were never received by the credit card customers. Hayes claimed that he had purchased the cards from an acquaintance and had not yet used them, although he admitted that he intended to use them in the future.  There was evidence that several of the charges had been made at the service station where Hayes worked.

## DISCUSSION

Restitution is a criminal penalty and a component of the defendant's sentence.  Consequently, this Court reviews the restitution order *de novo*.  *United States v. Chaney*, 964 F.2d 437, 451 (5th Cir. 1992).

Hayes' restitution was ordered pursuant to the Victim and Witness Protection Act, 18 U.S.C. § 3663, (VWPA) which provides in pertinent part:

> The court, when sentencing a defendant convicted of an offense under this title...may order, in addition to or...in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of such offense.

18 U.S.C. § 3663(a)(1)(1988) (the version in effect at the time of

Hayes' sentencing). An order of restitution must be based on the conduct for which the defendant was convicted, because the Supreme Court held in *Hughey v. United States*, 495 U.S. 411, 110 S.Ct. 1979 (1990) that "Congress intended restitution to be tied to the loss caused by the offense of conviction." *Id*. at 1981. *See also*, *United States v. Chaney*, 964 F.2d 437, 451 (5th Cir. 1992) ("Restitution under the Victim and Witness Protection Act (VWPA) is limited to losses caused by the specific conduct that is the basis of the offense of conviction.")

Hayes pleaded guilty to an indictment charging him with mere possession on one day, not with conduct or a scheme that resulted in losses to any victims. The indictment did not charge him with being in possession of the cards during the three month period when the charges were made, and none of the charges occurred on the day named in his indictment.

The Government concedes that restitution under the VWPA is limited to losses caused by the specific conduct that is the basis of the offense of conviction. They then attempt to argue that the credit card companies' losses stem from Hayes' actions. The theft of the cards prevented the credit card companies from recovering the charged amounts from the customers they were issued to, and the Government contends that Hayes' purchase of the stolen cards prevented the credit card companies from identifying and collecting the amounts due from the person who stole the cards.

This position seems similar to the argument that the Government made successfully in *United States v. Rollins*, 93-1444 (5th Cir.

January 3, 1994).  In that case, this Court, in an unpublished opinion, declined to disturb a district court's restitution order where the defendant was convicted of violating 18 U.S.C. § 2321 by buying and receiving with intent to sell or otherwise dispose of a vehicle, knowing that the vehicle identification number had been altered.  The defendant argued that any loss incurred was caused solely by the initial theft of the vehicle, an offense for which the defendant was not charged or convicted.  This Court, however, held that the district court was entitled to conclude that Rollins' actions constituted a continuation of the scheme to steal the vehicle,  because the specific conduct upon which the offense was based was his buying a van with knowledge that it had been stolen, altering its VIN, and selling it to an innocent purchaser.  The case before us is distinguishable from *Rollins*, in that Rollins' victim's loss resulted directly from the conduct for which he was convicted.  Hayes was convicted only of possession of stolen mail, which offense does not include any element of use or attempted use of the credit cards.  The credit card companies suffered loss not from Hayes' possession of the cards, but from the unauthorized charges made to the cards, which Hayes was not charged with and not convicted of.

While the Fifth Circuit has not had a previous occasion to decide this issue, the Eleventh Circuit, when confronted with a similar question, held that a conviction for possession of 89 unauthorized access devices could not support a restitution award because "there was no loss caused by [the defendant's] mere

4

possession of the access devices.  It was only [the defendant's] use of the devices that resulted in loss to the victims." *United States v. Cobbs*, 967 F.2d 1555, 1559 (11th Cir. 1992).

We are persuaded that the Eleventh Circuit is correct.  The credit card companies' losses were not caused by the conduct for which Hayes was convicted.  Therefore, the restitution imposed by the district court is not authorized under VWPA.

CONCLUSION

Since the order for restitution represents only one component of the sentencing court's balance of sanctions, the entire sentence is VACATED and the case is REMANDED for resentencing.