IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10150
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

HAROLD PRYCE PARKER,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:98-CR-69-1-C
--------------------
January 27, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Harold Parker ("Parker") appeals his convictions for possession of counterfeit securities, 18 U.S.C. § 513(b), interstate transportation of an implement used in counterfeiting, 18 U.S.C. § 2314, and aiding and abetting, 18 U.S.C. § 2.  He argues that (1) there was insufficient evidence to support his convictions; (2) he was subjected to prosecutorial misconduct; (3) his trial counsel was ineffective; and (4) the district court's restitution order was erroneous.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We have reviewed the record and the briefs of the parties. First, with respect to Parker's insufficient evidence claim, the record is not devoid of evidence pointing to guilt such that there was a manifest miscarriage of justice. See United States v. Johnson, 87 F.3d 133, 136 (5th Cir. 1996). Second, with respect to his prosecutorial misconduct claim, Parker has failed to show plain error. See United States v. Wicker, 933 F.2d 284, 291 (5th Cir. 1991). Third, with respect to his ineffective assistance of counsel claim, Parker has failed to show prejudice. See Strickland v. Washington, 466 U.S. 668, 694 (1984). The district court is AFFIRMED with respect to these three claims.

With respect to his restitution order claim, Parker has shown that the district court's restitution order was illegal. "[A] defendant . . . is only responsible for restitution for the conduct underlying the offense for which he has been convicted." United States v. Mancillas, 172 F.3d 341, 343 (5th Cir. 1999). The district court's restitution order held Parker responsible for damages resulting from past conduct and not the conduct underlying the offenses for which he was convicted. The restitution component of Parker's sentence is VACATED and the ruling of the district court with regard to restitution is REVERSED and REMANDED for sentencing consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.