United States Court of Appeals
Fifth Circuit

**F I L E D**

June 11, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10719
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

INCREASE EBONG ISANG,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(3:01-CR-391-1-H)
--------------------

Before WIENER and CLEMENT, Circuit Judges and LITTLE, District Judge.[*]

PER CURIAM:[**]

Defendant-Appellant Increase Ebong Isang, an illegal alien, appeals his jury conviction for uttering a forged security in violation of 18 U.S.C. § 513(a), contending that the evidence was insufficient to support his conviction, that he was entitled to a mistrial on grounds of prosecutorial misconduct, and that, even if his conviction is affirmed, the portion of his sentence requiring restitution should be vacated.  We affirm.

---

[*] Honorable F.A. Little, Jr., District Judge of the Western District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. Fact and Proceedings

Isang was indicted on two counts of making, possessing, or uttering a forged or counterfeit security of an organization, in violation of 18 U.S.C. § 513. Evidence adduced by the government at trial showed that Isang used aliases and false identifications to open "doing business as" accounts at Washington Mutual Bank into which he deposited forged or counterfeit checks drawn on accounts maintained in other banks by Coca-Cola North America ("Coke") and the Dallas Area Rapid Transit Authority ("DART"). In a third count, Isang was charged with illegal re-entry subsequent to a felony conviction, in violation of 8 U.S.C. § 1326.

After the government presented its case, Isang moved for judgment of acquittal under Federal Rule of Criminal Procedure 29 (Rule 29), which the district court denied. Isang put on no defense, and the jury found him guilty on all counts.

Isang filed objections to the Probation Department's Presentence Investigation Report (PSR). One of Isang's objections opposed upward departure. When, at sentencing, the district court denied the government's upward departure motion, Isang withdrew all remaining objections to the PSR.

In addition to imprisonment and supervised release, Isang's sentence included an order of restitution totaling in excess of $85,000, payable to Compass Bank and Wells Fargo Bank. Isang timely filed a notice of appeal.

## II. Analysis

2

At the close of the government's case Isang moved for a judgment of acquittal, contending that the government had failed to adduce sufficient evidence to prove each element of the crimes charged beyond a reasonable doubt. Defense counsel's insufficiency motion was broadly general but was followed by a particularized challenge to the sufficiency of the proof of Isang's involvement in the alleged offenses — an "identity" challenge. In contrast, Isang's counsel never mentioned the sufficiency of evidence to prove that the organizations whose securities were forged or counterfeited met the interstate commerce element of § 513. The government urges appellate review under the standard pronounced in United States v. Herrera,[1] which was decided after Isang's trial and after the district court's denial of his Rule 29 motion; Isang urges review under our pre-Herrera "any rational trier of fact" standard.[2] As we conclude that, under United States v. Chappell,[3] the evidence is sufficient to support each element of the crime, irrespective of which standard of review is applied, we need not decide whether Herrera applies to this case.

---

[1] 313 F.3d 882 (5th Cir. 2002)(en banc).

[2] United States v. Daniel, 957 F.2d 162, 164 (5th Cir. 1992) (articulating the standard as "whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt").

[3] 6 F.3d 1095 (5th Cir. 1993).

We are satisfied that, even under the more defendant-friendly, pre-Herrera standard of review for sufficiency of the evidence, each element of the crimes charged —— including the requirement that the organizations in question be legal entities operating in interstate commerce or conducting activities that affect interstate commerce —— is adequately supported by record evidence, irrespective of the fact that the government did not parade an array of witnesses to testify to the obvious, i.e., the interstate aspects of each organization's activities. If nothing else, Chappell teaches that securities can belong to more than one organization, such as the bank and its account owner, and, at least by implication, that banks are, per se, § 513(c)(4) organizations.[4]

As for Isang's claim of entitlement to a mistrial based on prosecutorial misconduct, we are not persuaded. His objection to the prosecutor's closing argument statement in rebuttal —— "That thing about the INS deal is the biggest red herring thing I have seen in my life" —— was followed immediately by the district court's statements in open court sustaining Isang's objection, labeling the prosecution argument as impermissible, and instructing the jury to disregard it. In denying Isang's motion for a mistrial, the district court expressly relied on its instruction to the jury; and the government pointed to trial exhibits showing that Isang was actually deported within the contested time period. We

---

[4] Id. at 1099.

4

discern no reversible error in the court's disposition of the matter.

Finally, Isang's complaint about the court's restitution order — which was not objected to in the district court — is reviewed for plain error, as conceded by Isang. It is true that Isang's PSR recommended restitution under the Mandatory Victim Restitution Act of 1996 (MVRA)[5] and that, in <u>United States v. Mancillas</u>,[6] we held that "a defendant <u>sentenced under the provisions of the MVRA</u> is only responsible for restitution for the conduct underlying the offenses for which he has been convicted."[7] Despite the PSR's recommendation that restitution be imposed pursuant to the MVRA, however, the record of the sentencing hearing contains no mention of the MVRA. When the district court ordered restitution, admittedly to two banks that were not involved in the transactions underlying the offenses of conviction, it made no representation that it was ordering restitution under the MVRA, and no reference to the MVRA is reflected by the record.

Generally, when defendants are convicted for commercial crimes like those at issue here, and have both intended and created significant losses to victims, the court has wide latitude in assessing restitution, as to both the amount and recipients of the

---

[5] 18 U.S.C. § 3663A (2000).

[6] 172 F.3d 341 (5th Cir. 1999).

[7] <u>Id.</u> at 343 (emphasis added).

restitution. Thus, even if we were to infer that the district court imposed restitution under the MVRA sub silentio, and were to agree with at least two other circuits that ordering a defendant to pay restitution to parties that were not implicated directly in the offense of conviction constitutes plain error,[8] our task still would not be at an end. The existence of plain error is only the penultimate determination: Once such error is found to exist, we still must determine (1) whether it affects a substantial right of the defendant, i.e., whether such error's effect on the proceeding's outcome has prejudiced the defendant, and (2) whether the nature of the error warrants relief.[9] If the defendant cannot show that the plain error's effect on his substantial rights has prejudiced him, no remedy is available.[10] Furthermore, when the defendant's substantial rights have been affected by plain error, the decision whether to correct such error remains within the discretion of the appellate court.[11] And, we are instructed by the Supreme Court that such correction should be made only when the

---

[8] See United States v. Tunning, 69 F. 2d 107, 115-16 (6th Cir. 1995); United States v. Wainwright, 938 F.2d 1096, 1098-99 (10th Cir. 1991).

[9] United States v. Calverley, 37 F.3d 160, 164 (5th Cir. 1994)(en banc).

[10] Id.

[11] Id.

error <u>seriously affects</u> the fairness, integrity, or public reputation of judicial proceedings.[12]

Both the harm intended and the harm actually caused by Isang greatly exceeded the $85,576.04 that the district court imposed as restitution. Even if we assume without conceding that restitution was implicitly assessed under the MVRA and that plain error thus occurred, we conclude that Isang has failed to demonstrate that this putative plain error affected his substantial rights to the extent of prejudice, much less justifies our correcting such error in the face of the high hurdle of the "seriously affects" standard. For these reasons, we decline to disturb the trial court's restitution order.

Isang's conviction and sentence are, in all respects, AFFIRMED.

---

[12] <u>Id.</u> (<u>citing</u> <u>United States v. Atkinson</u>, 297 U.S. 157, 160 (1936)).