# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 6, 2007

Charles R. Fulbruge III
Clerk

No. 06-60521
Summary Calendar

NOEL DELANO FITZGERALD WARMINGTON

Petitioner

v.

PETER D KEISLER, ACTING U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A38 576 167

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Noel Warmington petitions for review of a final order of removal of the Board of Immigration Appeals (BIA) that affirmed the determination that he was inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II) and the denial of his application for relief in the form of a waiver of inadmissibility under 8 U.S.C. § 1182(c).

Although the respondent does not argue it, whether an appeal is moot is a jurisdictional issue because it implicates the Constitution's Article III

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requirement of a live case or controversy. We must raise the question of mootness sua sponte, and we review the question de novo. United States v. Lares-Meraz, 452 F.3d 352, 355 (5th Cir. 2006).

If Warmington's 1996 conviction for possession of crack cocaine was a "conviction" for immigration purposes, rendering him inadmissible under 8 U.S.C. § 1182(a)(2)(i)(II), then his removal has the collateral consequence of making him inadmissible to the United States for a period of five years. See 8 U.S.C. § 1182(a)(9)(A)(i). This collateral consequence prevents this case from being moot. See Alwan v. Ashcroft, 388 F.3d 507, 510-11 (5th Cir. 2004)(holding that due to collateral consequence of permanent inadmissibility, deportation did not render case moot); Umanzor v. Lambert, 782 F.2d 1299, 1301 (5th Cir. 1986) (same for five-year period of inadmissibility).

Congress has expressly barred judicial review of final orders of removal against an alien who is removable as a controlled substance violator under § 1182(a)(2). 8 U.S.C. § 1252(a)(2)(C). After the enactment of the REAL ID Act of 2005, we now have jurisdiction, in cases otherwise covered by § 1252(a)(2)(C), to review questions of law or constitutional claims raised upon a petition for review. 8 U.S.C. § 1252(a)(2)(D).

Warmington argues that he is not an alien, but a national of the United States, and he argues that his 1996 conviction is not a "conviction" which would render him inadmissible, and thus removable, among other legal issues. The jurisdictional inquiry merges with the merits of these legal issues, and we have jurisdiction to determine, applying de novo review, whether the jurisdictional bar of § 1252(a)(2)(C) has been triggered. See Alwan, 388 F.3d at 512.

Warmington argues that he is a national of the United States based on his 2001 application for citizenship and his service in the United States Navy. He contends that he took an oath of allegiance to the United States when he joined the Navy and when he applied for citizenship. Warmington applied for citizenship in 2001, but he did not complete the naturalization process. In

Omolo v. Gonzales, 452 F.3d 404, 409 (5th Cir. 2006), we held that "a person may become a national only by birth or by completing the naturalization process."

Warmington served in the Navy for three years and received an other than honorable discharge. Service in the armed forces of the United States and taking the standard military oath does not make a person a national. Reyes-Alcaraz v. Ashcroft, 363 F.3d 937, 938-40 (9th Cir. 2004). Warmington is not a national of the United States.

Warmington argues that his 1996 conviction for possession of crack cocaine was not really a conviction under 8 U.S.C. § 1101(a)(48)(A) because the charge was dismissed and no penalty or restraint was imposed on his liberty. He argues that he was denied due process and equal protection by being charged wrongfully for immigration purposes.

In reviewing the BIA's construction of immigration statutes, if Congress has directly spoken to the precise question at issue, and if the intent of Congress is clear and unambiguous, then the court will give effect to Congress's intent. Moosa v. I.N.S., 171 F.3d 994, 1005 (5th Cir. 1999) (citing Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984)). If the statute is silent or ambiguous, the court will defer to the BIA's interpretation if it is based on a permissible construction of the statute. Id.

Congress has defined the term "conviction" to mean

> with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where--
>
> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
>
> (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A). In Moosa, we stated that the text of this section was clear and that Moosa's Texas deferred adjudication was a "conviction" under the statute. Moosa, 171 F.3d at 1005-06. We rejected the argument that community supervision (the equivalent of probation) was not punishment. Id. at 1006 n.7. In Madriz-Alvarado v. Ashcroft, 383 F.3d 321, 330 (2004) (§ 2241 case), we held that a Texas deferred adjudication was a "conviction," notwithstanding the subsequent dismissal of charges on completion of community supervision.

Although we have not addressed the Massachusetts CWOF procedures, the First Circuit recently held in De Vega v. Gonzales, ___ F.3d ___, 2007 WL 2696489 at * 3-4 (1st Cir. Sept. 17, 2007), that De Vega's Massachusetts's conviction, in which she admitted to facts sufficient for a finding of guilt, with a continuation without a finding (CWOF), and with the imposition of a restitution order, was a conviction within the meaning of the INA.

There is no reason to distinguish Massachusetts's CWOF procedures and the Texas deferred adjudication procedures for purposes of concluding that Warmington's 1996 conviction is a "conviction" under § 1101(a)(48)(A).

Warmington also argues that his 2005 conviction for possession with intent to distribute marijuana should not have been used to find him removable because it was not a final conviction. The BIA agreed with this argument and did not sustain the IJ's finding that he was removable under § 1182(a)(2)(C)(i) as a controlled substance trafficker.

We have previously rejected Warmington's argument that he should be treated as if he was a federal first offender under 18 U.S.C. § 3607. See Madriz-Alvarado, 383 F.3d at 331; see also Danso v. Gonzales, 489 F.3d 709, 715-17 (5th Cir. 2007) (holding that foreign expungement was not to be given same effect as expungement of federal conviction under the FFOA, and questioning whether the FFOA controlled over the subsequently enacted definition of conviction in § 1101(a)(48)(A)).

Warmington's argument that the 1996 conviction qualifies as a petty offense refers to the exception contained in § 1182(a)(2)(A)(ii), which applies if the alien is charged as inadmissible for committing a crime involving moral turpitude under § 1182(a)(2)(A)(i)(I). Warmington was not charged under that section but under § 1182(a)(2)(A)(i)(II) for a violation of a state law relating to a controlled substance. Likewise, his argument that he is not deportable because his crime involved only one-tenth of a gram of drugs has no merit because that exception to deportability is contained in § 1227(a)(2)(B)(i) and applies in the case of a conviction for a single offense involving possession for one's own use of 30 grams or less of marijuana. Warmington was not charged under § 1227, and he was in possession of crack cocaine.

We hold that Warmington is an alien removable for having been convicted of a criminal offense covered in § 1182(a)(2)(A)(i)(II), and we further hold that we lack jurisdiction to review the BIA's final order of removal. See Alwan, 388 F.3d at 515.

Warmington argues that the BIA abused its discretion and denied him due process in denying his application for a waiver of inadmissibility under § 212(c), § 1182(c). He contends that he was denied § 212(c) relief based on an arrest that did not result in a conviction. He argues that the BIA did not follow established standards in weighing the equities and adverse factors.

Although Warmington attempts to phrase his arguments in legal and constitutional terms, he is, in essence, seeking review of the IJ's discretionary denial of § 212(c) relief. An IJ's discretionary denial of relief under § 212(c) does not present a question of law or a constitutional claim over which this court has jurisdiction. Delgado-Reynua v. Gonzales, 450 F.3d 596, 599-600 (5th Cir.2006); Marquez-Marquez v. Gonzales, 455 F.3d 548, 561 (5th Cir.2006). Therefore, we lack jurisdiction to review Warmington's challenge to the BIA's decision affirming the IJ's denial of his application for § 212(c) relief.

Because we lack jurisdiction to review the final order of removal and the discretionary denial of § 212(c) relief, the petition for review is DISMISSED.