# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2013

No. 11-60720

Lyle W. Cayce
Clerk

LUIS CARLOS RODRIGUEZ-VARGAS,

Petitioner

v.

ERIC H. HOLDER, JR.,
U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A037 726 177

Before DeMOSS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Luis Carlos Rodriguez-Vargas, a Mexican national, petitions for review of the final order of removal issued against him by the Board of Immigration Appeals (BIA). He argues he never received a "conviction," as that term is defined by the Immigration and Nationality Act (INA), 8 U.S.C. § 1101(a)(48)(A), for the California crime of sexual battery, CAL. PENAL CODE § 243.4, to which he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60720

pled *nolo contendere*. Being convicted by course of law for that offense supplies the grounds for his removal. *See* 8 U.S.C. § 1227(a)(2)(A)(iii), (a)(2)(E).

The INA ordinarily denies us jurisdiction to review final orders of removal against certain "criminal aliens," including those founded on an aggravated felony conviction, as Rodriguez-Vargas's is here. *See Martinez v. Mukasey*, 519 F.3d 532, 538 (5th Cir. 2008); 8 U.S.C. § 1252(a)(2)(C). However, because Rodriguez-Vargas's petition presents a question of law as to whether he was convicted by a California court, we retain jurisdiction to address his claim. *See Martinez*, 519 F.3d at 538; 8 U.S.C. § 1252(a)(2)(D). We review the BIA's legal determinations de novo, but grant it deference in construing statutes it administers.[1] *See Robertson-Dewar v. Holder*, 646 F.3d 226, 230 (5th Cir. 2011).

In a December 30, 2005 information, the Alameda County District Attorney's Office charged Rodriguez-Vargas with continuous sexual abuse, a violation of CAL. PENAL CODE § 288.5(a). In a November 9, 2006 court appearance, Rodriguez-Vargas pled *nolo contendere* to committing § 243.4 sexual battery, a lesser included felony, and promised to obey all laws prior to his sentencing, scheduled for three years later. In return, he was permitted to remain out of custody, free of conditions, to withdraw his plea, and to have the charge dismissed at sentencing. Rodriguez-Vargas agreed, however, that if he committed another crime before sentencing, his plea would continue to bind him, exposing him to probation or jail time. He also acknowledged that he would be required to pay restitution under the terms of his plea bargain. The court

---

[1] In *Moosa v. I.N.S.*, 171 F.3d 994, 1005 (5th Cir. 1999), we applied the deference framework articulated in *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984), when we reviewed an agency decision construing the statute now at issue, 8 U.S.C. § 1101(a)(48)(A). However, we expressly have left unresolved whether an unpublished, single-judge BIA opinion, such as the one here, is due only the lesser deference accorded under *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944). *See Mushtaq v. Holder*, 583 F.3d 875, 876-77 (5th Cir. 2009). We need not resolve that question today as we find the BIA's decision in accord with the statute's plain meaning and our precedent, meriting our deference under either test. *See Rana v. Holder*, 654 F.3d 547, 550-51 (5th Cir. 2011).

accepted the *nolo contendere* plea as a finding of guilt with a factual basis. Rodriguez-Vargas reached his November 2009 sentencing without violating the terms of the plea agreement. The sentencing judge ordered him to pay restitution in the amount of $4,325.29 to satisfy a claim submitted by the California Victim Compensation Board, and then dismissed the charge. The judge clarified that the restitution order would be "enforceable as a civil judgment . . . to be paid within 60 days."

The issue before us is whether Rodriguez-Vargas's California proceedings yielded a conviction, as defined by the INA, giving rise to collateral, immigration consequences. The INA provides:

> The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where—
>
> **(i)** a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
>
> **(ii)** the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A). California court records do not suggest that, after the November 2009 sentencing and dismissal, Rodriguez-Vargas retained "a formal judgment of guilt . . . entered by a court," dispositive evidence of a conviction under § 1101(a)(48)(A)'s first clause. The parties agree his case hinges instead on the two-pronged test in the provision's second clause that applies when an "adjudication of guilt has been withheld." It is plain that the 2006 change of plea satisfied the first prong, as Rodriguez-Vargas "entered a plea of guilty or nolo contendere or . . . admitted sufficient facts to warrant a finding of guilt," § 1101(a)(48)(A)(i). Rodriguez-Vargas primarily takes issue with the BIA's determination that the restitution ordered at sentencing fulfills the second

prong, which requires that a "judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed," § 1101(a)(48)(A)(ii), in connection with the offense.

Our settled law confirms that restitution "is a criminal penalty and a component of the defendant's sentence." *United States v. Hayes*, 32 F.3d 171, 172 (5th Cir. 1994). It accordingly qualifies as a "punishment" or "penalty" under § 1101(a)(48)(A)(ii). *See De Vega v. Gonzales*, 503 F.3d 45, 47, 49 (1st Cir. 2007) (finding that restitution ordered by a Massachusetts court constituted a punishment or penalty under § 1101(a)(48)(A)(ii), when the defendant admitted to the facts of the crime charged but was given a continuation without a finding of guilt contingent on payment of the restitution); *Warmington v. Keisler*, 254 F. App'x 287, 290 (5th Cir. 2007) (unpublished) (applying *De Vega* in finding a similar Massachusetts procedure qualified as a "conviction"); *Matter of Cabrera*, 24 I. & N. Dec. 459, 462 (BIA 2008) (holding that imposition of costs and surcharges following a plea is a "penalty" or "punishment"); *cf. Retuta v. Holder*, 591 F.3d 1181, 1187-89 (9th Cir. 2010) (finding no "punishment" or "penalty" where a California court had indefinitely stayed a defendant's fine without exacting it).

Rodriguez-Vargas challenges that result by asserting he was never truly sentenced, perceiving an incongruity between the sentencing court's restitution order and its subsequent dismissal of the charge admitted to under oath by Rodriguez-Vargas. However, we have already found that an analogous procedure, delayed adjudication under Texas law, qualifies as a conviction for purposes of § 1101(a)(48)(A). *Moosa*, 171 F.3d at 1005-06; *Madriz-Alvarado v. Ashcroft*, 383 F.3d 321, 330 (5th Cir. 2004). Under that scheme, a defendant is permitted to enter a plea of guilty that he may withdraw, avoiding the accompanying sentence, if he successfully completes a term of community supervision. *Moosa*, 171 F.3d at 998 & n.1; TEX. CODE CRIM. PROC. art. 42.12 §

4

No. 11-60720

5.  Like the agreement in Rodriguez-Vargas's case, Texas delayed adjudication requires the defendant to admit  guilt, enter a plea, and suffer a sanction, after which the defendant may withdraw the plea and see the charge dismissed.  We found it gave rise to a conviction, even where dismissal of the charges under state law could "'not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense.'"  *Madriz*, 383 F.3d at 330 (quoting TEX. CODE CRIM. PROC. art. 42.12 § 5(c)).  That result followed because we must apply the standard set forth in § 1101(a)(48)(A), not the law of the relevant state, in assessing whether a "conviction" arose.  *See Moosa*, 171 F.3d at 1006 n.7.  It is therefore not dispositive that, as Rodriguez-Vargas also highlights, the sentencing judge in his case characterized the restitution order as "enforceable as a civil judgment."[2]  Under  our precedent, restitution is a criminal sanction.  *Hayes*, 32 F.3d at 172.

Rodriguez-Vargas, in the course of the California criminal proceeding, sustained a "conviction" by entering a *nolo contendere* plea and suffering a punishment or penalty for his conduct in the form of the restitution order.  As a result, we DENY his petition for review.

---

[2] Nonetheless, it is worth mention that California, consistent with the language used by the sentencing court, appears to view victim restitution orders as criminal, not civil, punishment.  *See Vigilant Ins. Co. v. Chiu*, 96 Cal. Rptr. 3d 54, 58 (Ct. App. 2009) ("While a restitution order is enforceable 'as if [it] were a civil judgment'. . . it is *not* a civil judgment."); *People v. Brown*, 54 Cal. Rptr. 3d 887, 893-94 (Ct. App. 2007) (holding victim restitution is a "punishment" for purposes of a state statute restricting courts to imposing a sentence that is not more severe than agreed in a plea bargain).  *But see People v. Harvest*, 101 Cal. Rptr. 2d 135, 136-37 (Ct. App. 2000) (determining that direct victim restitution "imposed for the first time at a resentencing following appeal is not punishment and is therefore not constitutionally barred" by the Double Jeopardy Clause).