# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51207

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RICKEY DONNELL BENNS, also known as Rickey D. Benns,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas

Before PRADO, SOUTHWICK, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

Rickey Benns appeals an order to pay restitution to the United States Department of Housing and Urban Development imposed under the Mandatory Victims Restitution Act. Because HUD is not a victim of Benns's convicted offense, the award of restitution is **VACATED**.

## FACTS AND PROCEDURAL HISTORY

Michael and Brenda Arnold conveyed their home, located at 1301 Red Deer Way in Arlington, Texas, to Rickey D. Benns. Despite the conveyance, the property remained in the Arnold's name. The property was subject to a

mortgage loan held by Bank of America[1] and insured by the United States Department of Housing and Urban Development (HUD).[2] The mortgage was in arrears at the time of the transaction, but Benns promised to rent the property and pay the mortgage out of the rental proceeds. Benns successfully rented the property but failed to pay the mortgage.

Benns later sought to prevent foreclosure by attempting to refinance the mortgage on the Red Deer property. Since the previous owners still held the mortgage and were unaware that the loan continued to be in arrears, Benns forged the previous owners' signatures on the loan modification application and produced a false pay stub in an attempt to deceive the bank into believing that the Arnolds still owned the property and that they were more creditworthy than was actually the case. The application was denied and the property was eventually foreclosed. HUD paid Bank of America for the default and suffered a loss of $54,906.59, which is the difference between what HUD paid Bank of America following foreclosure and the later sale price of the property.

On March 14, 2012, Benns was indicted on one count of making false statements relating to a credit application, in violation of 18 U.S.C. § 1014. Benns pleaded guilty without a plea agreement. He accepted, upon entering the plea, the accuracy of a factual resume prepared by the government. The resume outlined the facts of the offense and authorized "restitution to victims or to the community, which may be mandatory under the law, and which Defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone."

---

[1] The mortgage was originally held by Countrywide, but was acquired by Bank of America when Bank of America purchased Countrywide.

[2] Such insurance requires that HUD pay to the lender any loss that the lender suffers as a result of the transaction.

No. 14-51207

On September 28, 2012, Benns was sentenced to twenty-seven months imprisonment, five years of supervised release, and ordered, in accordance with the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A, to pay restitution in the amount of $544,602.42. We vacated the sentence and restitution order because the district court failed to make factual findings that supported the loss amount considered when sentencing Benns and because restitution was based on conduct outside the scope of Benns's conviction. *United States v. Benns*, 740 F.3d 370, 376-78 (5th Cir. 2014). We remanded to the district court for resentencing. *Id.* at 378.

On remand, Benns abandoned the challenge to the imprisonment because he had already served the entire jail term. He did, however, continue to oppose the restitution award. The district court, in a short bench ruling, made no factual findings but concluded that HUD was a direct victim of the false loan application and awarded HUD $54,906.59 in restitution. Benns now appeals.

## DISCUSSION

The legality of a restitution order is reviewed de novo. *United States v. Lozano*, 791 F.3d 535, 537 (5th Cir. 2015); *United States v. Hughey*, 147 F.3d 423, 436 (5th Cir. 1998). Since Benns objected to the award, the restitution amount is reviewed for abuse of discretion. *United States v. Beacham*, 774 F.3d 267, 278 (5th Cir. 2014).

The MVRA requires the district court, as part of sentencing, to order restitution payments to "victims" of certain crimes. 18 U.S.C. § 3663A. A "victim" is defined as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." *Id.* at 3663A(a)(2). Generally, restitution is limited to losses arising from underlying conduct of the defendant's offense of conviction. *Hughey v. United States*, 495 U.S. 411, 412-13 (1990); *United States v. Espinoza*, 677 F.3d 730, 732 (5th Cir.

3

2012); *United States v. Maturin*, 488 F.3d 657, 660-61 (5th Cir. 2007). Therefore, restitution may only be awarded if the government established, by a preponderance of the evidence, direct or proximate causation between Benn's false credit application and HUD's loss when it sold the Red Deer property. *United States v. Reese*, 998 F.2d 1275, 1282 (5th Cir. 1993).

The MVRA broadly defines "victim" to include not only losses directly caused by the behavior underlying the convicted offense, but also losses arising more generally as a result of a conspiracy, scheme, or pattern of criminal activity. But, restitution may be ordered for this expanded class of victims only if the count of conviction includes, as a statutory element of the offense, a scheme, conspiracy, or pattern of activity. *Maturin*, 488 F.3d at 661; *Espinoza*, 677 F.3d at 732. Benns pleaded guilty to one count of submitting a false credit application to Bank of America. There is no indication in the indictment, factual summary, or guilty plea that the filing of the false application was part of a conspiracy, scheme, or pattern of criminal activity. Nor are there any decisions reading such a requirement into the elements of 18 U.S.C. § 1014. Therefore, restitution may only be ordered under the MVRA if HUD's loss was directly and proximately caused by the filing of the false credit application.

To be a victim under the MVRA, a person or organization must suffer a foreseeable loss as a result of the conduct underlying the convicted offense. For example, in *United States v. Espinoza*, we held that a defendant convicted of unlawful possession of firearms could not be ordered to pay restitution to a pawn shop, where he sold the unlawfully possessed weapons, because the sale of weapons was not based on the conduct underlying the possession conviction. 677 F.3d at 732-33. This court also rejected the government's argument, nearly identical to the argument made in this case, that the pawn shop would not have suffered harm "but for" the defendant's possession of the firearms. *Id.* at 733-34. Rather, we concluded that the pawn shop's loss was not a foreseeable

result of the unlawful possession of firearms.  *Id.*  Similarly, in *United States v. Mancillas*, a defendant pleaded guilty to possession of counterfeit securities and possession of the implements to make counterfeit securities.  172 F.3d 341, 341 (5th Cir. 1999).  The district court awarded restitution to five check-cashing entities where fraudulent checks, created by the defendant, were cashed.  *Id.* at 341-42.  We reversed, holding that "possession of the implements with the intent to use them in the future can in no way be said to directly and proximately have caused . . . the harm to the check-cashing companies."  *Id.* at 343.  The restitution was unlawful because the harm suffered by the check-cashing entities was a result of the passing of counterfeit securities, not for the possession of counterfeit securities or possession of the implements to make counterfeit securities.  *Id.*

The government argues that HUD's loss was a direct result of the false application because the filing of the application delayed the foreclosure which resulted in HUD selling the property for a loss.  But this argument is not supported by the record.  During resentencing, the government was unable to produce any evidence that the application resulted in a delay or even to establish when foreclosure proceedings were initiated.  The government also failed to submit any evidence that the alleged delay, instead of market conditions or other factors, resulted in the loss.  Thus, HUD's loss in this case, just like the harm in *Espinoza* and *Mancillas*, is outside the scope of the offense of conviction.  Benns was indicted and pleaded guilty to one count of filing a false credit application in an attempt to refinance a mortgage.  It therefore does not follow that the behavior underlying Benns's offense was the cause of HUD's loss.

Because the evidence is insufficient to support a finding that HUD was directly and proximately harmed by Benns's false credit application, we

No. 14-51207

conclude that HUD is, therefore, not entitled to restitution in this case under the MVRA.

## CONCLUSION

The restitution award is **VACATED**.