IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————

No. 18-11649

————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

TRAION DEON BAILEY,

      Defendant - Appellant

————————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
USDC No. 4:18-CR-167-1

————————————————

Before HAYNES and OLDHAM, Circuit Judges, and HANEN,[*] District Judge.

PER CURIAM:[**]

The sole question before this Court is whether the District Court erred when it ordered $5,069.21 in restitution to two victims.

Traion Deon Bailey ("Bailey" or "Appellant") was indicted by a grand jury for the possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). The sole count in the indictment alleged that Bailey knowingly possessed a stolen Mossberg model 590, 12-gauge shotgun bearing serial

---

[*] District Judge of the Southern District of Texas sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11649

number V064 2637. Later, Bailey waived his right to be charged by an indictment, and the Government filed a Superseding Information which also only contained one count, that being: that between October 1, 2017 and November 30, 2017 Bailey received and possessed mail and packages that had been stolen and embezzled from an authorized depository for mail, in violation of 18 U.S.C. § 1708. The allegation in the indictment concerning possession of the stolen shotgun was not specifically mentioned in the Superseding Information. The original indictment was subsequently dismissed.

Bailey opted to plead guilty to the charge of possessing stolen mail. Prior to the start of the rearraignment proceeding, he executed a "factual résumé" which set out the elements of the offense, stipulated facts concerning the offense, and acknowledged the potential penalties. The District Court accepted Bailey's guilty plea, found him guilty, and eventually sentenced him to 27 months of imprisonment, three (3) years of supervised release, and a $100 felony assessment. The Court waived the fine, but did order restitution as follows:

> The court further ORDERS defendant shall make full restitution, in the amount of $5,069.21. Restitution is payable immediately, but non-payment will not be a violation of defendant's conditions of supervised release so long as defendant pays as provided in defendant's conditions of supervised release. All restitution payments shall be made by defendant to the Clerk of the U.S. District Court, 501 West 10th Street, Room 310, Fort Worth, Texas 76102, for disbursement to the victims whose names and loss amounts are listed below:
>
> Cobra Enterprises, Inc./Kodiak
> 1960 S. Milestone Dr. Suite E
> Salt Lake City, Utah 84104
> $4,754.21

2

No. 18-11649

D & D Firearms
15 E. Main Street
Wilmington, Ohio 45177
$315.00

It is this restitution component of the judgment that the Appellant attacks.

Bailey claims the District Court erred by imposing the items of restitution referenced above because restitution is limited to compensable losses caused by the specific offense of conviction, and if a defendant pleads guilty, as Bailey did, it is limited to those items contemplated by the parties' mutual understanding. The Government claims that both the Superseding Information and factual résumé to which Bailey agreed contemplate multiple items of restitution and that these include the two items of restitution ordered by the Court.

## STANDARD OF REVIEW

The law controlling restitution is well-developed in this Circuit. The legality of a restitution order is reviewed *de novo*. *United States v. Lozano*, 791 F.3d 535, 537 (5th Cir. 2015); *United States v. Hughey*, 147 F.3d 423, 436 (5th Cir. 1998). Since Bailey objected to the award in the District Court, the restitution amount is reviewed for abuse of discretion. *United States v. Beacham*, 774 F.3d 267, 278 (5th Cir. 2014).

## DISCUSSION

The Mandatory Victims Restitution Act ("MVRA") governs certain restitution awards by a district court.

> The MVRA requires the district court, as part of sentencing, to order restitution payments to "victims" of certain crimes. 18 U.S.C. § 3663A. A "victim" is defined as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." *Id*. at 3663A(a)(2). Generally, restitution is limited to losses arising from underlying conduct of the defendant's offense of conviction. *Hughey v. United States*, 495 U.S. 411, 412–13, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990); *United*

3

No. 18-11649

> *States v. Espinoza*, 677 F.3d 730, 732 (5th Cir. 2012); *United States v. Maturin*, 488 F.3d 657, 660–61 (5th Cir. 2007); *United States v. Reese*, 998 F.2d 1275, 1282 (5th Cir. 1993).

*United States v. Benns*, 810 F.3d 327, 329 (5th Cir. 2016).

Importantly, not every loss incurred by a person or entity affected by a defendant's conduct qualifies under the MVRA. The loss must be caused by the conduct underlying the offense of which the defendant was actually convicted. *United States v. Mancillas*, 172 F.3d 341, 343 (5th Cir. 1999). For example, one found guilty of possessing implements to make counterfeit securities was not liable to check cashing entities because the defendant's possession of the implements did not precipitate the loss. *Id.* Also, we have held that a defendant found guilty only of possessing stolen firearms was not liable to pay restitution to the pawn shop where the stolen guns were ultimately sold. *Espinoza*, 677 F.3d 730. Similarly, one convicted of stolen mail (like Bailey in the instant case) is not liable for restitution for losses caused by the unauthorized use of those stolen items. *United States v. Hayes*, 32 F.3d 171, 172 (5th Cir. 1994).

Causation, or the lack thereof, is not the only limiting factor. The timing of the alleged crime could also limit the ability of a court to order restitution. For example, in *United States v. Sharma*, 703 F.3d 318 (5th Cir. 2012), the Court reversed a restitution award because the award sought to compensate a victim for losses that occurred outside of the dates of the alleged wrongdoing.

> An award of restitution cannot compensate a victim for losses caused by conduct not charged in the indictment or specified in the guilty plea, or for losses caused by conduct that falls outside the temporal scope of the acts of conviction.

*Id.* at 323 (citing *United States v. Inman*, 411 F.3d 591, 595 (5th Cir. 2005)).

The manner in which a defendant is charged (and the count to which he/she subsequently pleads guilty) can also limit restitution. A defendant who participates in a conspiracy, but who pleads to a narrower charge may not be

ordered to pay restitution for the entire amount of loss caused by the conspiracy. An example of this limitation is found in *United States v. Mathew*, 916 F.3d 510 (5th Cir. 2019), a Medicare fraud case. In that case, Mathew did not plead guilty to either fraud or conspiracy but only to knowingly possessing, with the intent to use unlawfully or transfer unlawfully five or more authentication factors (health insurance claim numbers). This Court held:

> An award of restitution cannot compensate a victim for losses caused by conduct not charged in the indictment or specified in a guilty plea." *United States v. Sharma*, 703 F.3d 318, 323 (5th Cir. 2012). Therefore, "when the subject offense involves a scheme, conspiracy, or pattern of criminal activity," *United States v. Hughey*, 147 F.3d 423, 437 (5th Cir. 1998), that is, "where [the] fraudulent scheme is an element of the conviction," *United States v. Maturin*, 488 F.3d 657, 661 (5th Cir. 2007) (emphasis and citation omitted), "restitution may be awarded to any person who is directly harmed by the defendant's course of criminal conduct," *Hughey*, 147 F.3d at 437. But "[w]hen the count of conviction does not require proof of a scheme, conspiracy, or pattern, ... the defendant is only responsible to pay restitution for the conduct underlying the offense for which he has been convicted." *Maturin*, 488 F.3d at 661 (citation and internal quotation marks omitted). In that event, restitution cannot include "losses caused by conduct that falls outside the temporal scope of the acts of conviction." *Sharma*, 703 F.3d at 323. The district court must support "every dollar" of a restitution order with record evidence. *Id.*
>
> Mathew's offense does not involve a scheme, conspiracy, or pattern. The indictment charged him with violating 18 U.S.C. § 1028(a)(3), (b)(2)(B), and (c)(1), which make it a crime "knowingly [to] possess[ ] with intent to use unlawfully or transfer unlawfully five or more ... authentication features ... issued by or under the authority of the United States." The statute does not include a fraudulent scheme as an element of the offense, either in its plain language or as a judicial interpretation. Moreover, the charge in Mathew's indictment, his factual resume's description of the elements of the offense, and the government's description of the elements of the offense at his rearraignment proceeding all mirror the language of the statute and thus do not state that Mathew's

No. 18-11649

offense of conviction included a fraudulent scheme as an element of his offense.

*Id.* at 516.

When a defendant pleads guilty to fraud pursuant to a plea agreement, the court will look beyond the charging instrument to determine the mutual understanding of the parties to define the scope of the scheme and thus the scope of any restitution award. *United States v. Adams*, 363 F.3d 363, 366 (5th Cir. 2004).[1]

Bailey's Guilty Plea and Sentencing

As noted above, Bailey pleaded guilty to possession of stolen mail and packages. This Court has previously described the elements of the crime of possession of stolen mail (in a case concerning possession of stolen checks):

> The elements necessary to establish the offense of unlawful possession of a check stolen from the mail in violation of 18 U.S.C.A. § 1708 are: (1) possession of the check by the defendant, (2) theft of the item from the mail, (3) knowledge of the defendant that the check was stolen, and (4) specific intent on the part of the defendant to possess the check unlawfully.

*United States v. Nash*, 649 F.2d 369, 370–71 (5th Cir. 1981) (citing *United States v. Hall*, 632 F.2d 500, 502 (5th Cir. 1980)). Clearly, there is no element requiring proof of a scheme, conspiracy, or pattern.

Bailey pleaded guilty to the sole count of the Superseding Information without a plea agreement but with an agreed upon factual résumé. The Superseding Information alleges:

> Between on or about October 1, 2017, and November 30, 2017, in the Fort Worth Division of the Northern District of Texas, the defendant, Traion Deon Bailey, did receive and unlawfully possess mail and packages that had been stolen and embezzled from a post office, which was an authorized depository for mail matter,

---

[1] The Court distinguishes between convictions based upon jury verdicts from those plea agreements because in the former the scope of the scheme is defined by the jury verdict. *Adams*, 363 F.3d at 367.

No. 18-11649

knowing the said mail and packages to have been stolen and embezzled from an authorized depository for mail matter. In violation of 18 U.S.C. § 1708.

This information supplanted the original charge of possession of a stolen firearm (a Mossberg, model 590, 12-gauge shotgun).

Prior to pleading guilty, Bailey and his attorney agreed with the Government on a factual résumé which supported the plea. In that agreed résumé which was presented to the court at the plea, Bailey agreed that:

> Between on or about October 1, 2017, and November 31, 2017, Hakeyah Houston was an employee of the United States Postal Service, at the Amon Carter Station in Fort Worth, Texas. Houston would steal and embezzle mail matter, including packages, which were addressed to customers in the 76155 zip code. Houston would provide these stolen and embezzled mail matters to Bailey. One such mail matter was a package addressed to Trinity Blvd., Fort Worth, Texas, 76155, that contained a Montblanc Chronograph Watch, serial number: PL184525. Bailey admits he received and possessed these stolen and embezzled mail matters, including the Montblanc Watch, and he admits he intended to do so unlawfully.

The factual résumé also set out the maximum penalties that could be imposed. Important to this case is that among its advisories was the statement that Bailey could be sentenced to make "[r]estitution to any victims." As will be seen below, Bailey objected to the fact that he was ordered to pay restitution to two victims whose stolen guns were possessed by him where the only specific reference in either the Superseding Information or the factual résumé was to the Montblanc watch.

After first insuring that the defendant knowingly and willing waived his right to have the matter presented to a grand jury and that he had read, understood, and discussed the factual résumé, the Court conducted an inquiry at the rearraignment concerning the plural nature of the factual résumé. During this exchange, the Government stressed that there were multiple stolen objects possessed.

7

No. 18-11649

THE COURT:     The first is a list of the things the government would have to prove to a jury beyond a reasonable doubt to cause you to be convicted of the offense charged by the Superseding Information, if you were to plead not guilty to that offense, and those things are:

First, that the mail or package had been stolen or embezzled from the post office as an authorized depository of mail matter – let me start over again. Something didn't sound right.

First thing is that the mail or package had been stolen or embezzled from the post office, an authorized depository for mail matter.

Is that the way that's supposed to read?

MR. GATTO (attorney for the Government): Yes, sir. Yes, Your Honor. That's what I pulled from the –

The Court: Well, what mail or package is it talking about?

MR. GATTO: It's in the discovery. There's numerous packages.

THE COURT: Pardon?

MR. GATTO: It's in the discovery. There's numerous mail and packages that were stolen from the post office by an employee and given to the defendant in this case.

THE COURT: Well, that first element doesn't define what mail or packages it's talking about.

MR. GATTO: It doesn't have to, Your Honor. The element is that he – are there mail and packages that had been stolen or embezzled from the post office, and there are, and in the factual basis for it, you'll see one of them that's admitted to at least.

The District Court accepted Bailey's guilty plea and the probation office prepared the Presentence Investigation Report. In that report, the probation department recommended several entities that might merit restitution. Interestingly, these did not include the owner of the Montblanc watch mentioned in the Superseding Information, but instead included several gun owners whose weapons had been taken and were illegally possessed by Bailey.

No. 18-11649

This recommendation engendered objections from both sides. The Government objected to the omission of the watch—arguing that, while it was not possessed within the strict confines of the time limits specified in the information, it was possessed "on or about" the timeframe specified.[2] Bailey objected to the inclusion of any restitution. He argued first that the charging instrument only specifically mentioned the watch and therefore his restitution obligation, if any, should be limited to the watch. He secondly objected that the amounts specified by the Presentence Investigation Report were out of date and that the correct amount of the losses was lesser.

The District Judge at sentencing rejected Bailey's first objection. He found that the information and factual résumé both mentioned mail and packages in the plural—thus the fact that the watch was used as an example did not limit the scope of losses that the court could consider. The court then addressed the amounts and identity of the recipients of the proposed restitution and corrected both to reflect the current victims and amounts in question. The court proceeded to order restitution to the two victims specified above.

On appeal to this Court, Bailey brings forth one primary argument with various sub-issues. His primary argument is that the only loss mentioned in the Superseding Information is the one based upon his possession of a Montblanc watch and that any restitution order which directs payments toward restoring any other losses is contrary both to established Fifth Circuit law and is contrary to the mutual understanding of the parties. The Government maintains that the restitution order complies with both the letter and spirit of the law of restitution and that Bailey's interpretation of the

---

[2] The beginning time of the allegations detailed in the Superseding Information was October 1, 2017, while the stolen watch was possessed in late September of 2017.

Superseding Information is inaccurate now and that it was not the mutual understanding of the parties at the time he pleaded guilty.

Bailey's argument concerning the mutual understanding of the parties is misplaced. "When a defendant is convicted of fraud ***pursuant to a plea agreement***, however, this Court looks beyond the charging document, and ***defines the underlying scheme*** by referring to the mutual understanding of the parties." *Adams*, 363 F.3d at 366 (emphasis added). Here, there are two key elements missing in order to trigger the necessity of a review of the parties' understanding. Initially, Bailey did not plead guilty to a crime with an element of proof involving a scheme, conspiracy, or pattern. Possession of stolen mail or packages is not such a crime. *Nash*, 649 F.2d at 370–71. Secondly, Bailey pleaded guilty without a plea bargain agreement with the Government.

> Outside the context of plea bargaining, which raises unique concerns about a defendant's expectations regarding sentencing, we see no reason to depart from the clear meaning of § 3583(d) and § 3563(b) and therefore hold that the trial judge permissibly ordered Bok to pay restitution as condition of supervised release.

*United States v. Bok*, 156 F.3d 157, 166 (2d Cir. 1998).

Thus, the argument that the Court must ascertain the mutual understanding of the parties does not apply.[3] Bailey is subject to the general rule controlling restitution that a convicted defendant is subject to being ordered to make restitution to the victims of his crime, "but the restitution award can encompass only those losses that resulted directly from the offense for which the defendant was convicted." *Espinoza*, 677 F.3d at 732.

---

[3] Based upon the record before the Court, Bailey could not prevail under his mutual understanding argument even if it did apply. While there is very little evidence, if any, to support his allegation that the ordered restitution was not contemplated by him, there is none to suggest this was the Government's understanding and the requirement is mutual understanding. *United States v. Shelton*, 694 F. App'x 220, 224–25 (5th Cir. 2017). Indeed, in his brief, Bailey acknowledges that there was no meeting of the minds. It states, "the statements made at the guilty plea hearing do not establish any broader understanding, at least not one shared by both parties." (Appellant's Brief, p. 11).

No. 18-11649

Another facet of Bailey's argument is that the order of restitution exceeds the offense of conviction. This is also misplaced. His basis rests almost solely upon the factual résumé to which he agreed in open court. That factual résumé, however, makes two propositions abundantly clear. First, that during the time period in question Bailey possessed numerous pieces of stolen mail and packages. The facts demonstrate that it was written in the plural. That plurality was even questioned by the District Judge and the Government emphasized orally the fact that there were multiple packages at issue. Second, the manner in which one item (the Montblanc watch) was mentioned made it clear that it was an example, not the entirety, of the stolen items possessed by Bailey, and it did not in any way exclude from the Court's consideration the many other stolen items possessed by Bailey during the relevant time period.[4] His complaint is based upon a misreading of the factual résumé to which he agreed and to which he did not object to at the rearraignment. Bailey's claim that he relied upon the inclusion of the watch as an exclusion of all other items from consideration is not supported factually or legally.

## CONCLUSION

The judgment of the District Court is AFFIRMED.

---

[4] Bailey does not complain that he did not possess the stolen guns during the time period covered by the Superseding Information or that the losses suffered by the restitution recipients did not directly result from his illegal conduct.

11